IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VERIZON WIRELESS (VAW) LLC,

      Plaintiff,

v.                                                    Case No: 07-2255-DJW

DOUGLAS COUNTY, KANSAS
BOARD OF COUNTY COMMISSIONERS,

      Defendant.

**MEMORANDUM AND ORDER**

This is an action for declaratory, injunctive, and mandamus relief pursuant to the Federal Telecommunications Act of 1996 (the "TCA").[1] More specifically, Plaintiff alleges that Defendant's denial of Plaintiff's application for a conditional use permit to construct a wireless telecommunications facility violates the TCA in that (1) Defendant's denial fails to meet the "in writing" requirement of the TCA; and (2) Defendant's failed to base its denial upon substantial evidence, as required by the TCA. The parties have filed cross-motions for summary judgment addressing both of these issues.

As a preliminary matter, the Court finds that the June 28 letter summarizing the reasons why Commissioner Jones did not vote to approve the conditional use permit is insufficient to satisfy the "in writing" requirements of the TCA. This is because the June 28 letter was drafted and sent to Defendant's counsel by a member of the Douglas County Planning Staff and not by a member of the Douglas County Board of County Commissioners, the Defendant in this action. "The language of the TCA – '[a]ny decision by a State or local government . . . to deny a request . . . shall be in writing' – clearly presupposes that the body that makes the decision shall be the one to render it in

---

[1] 47 U.S.C. § 332 (1996).

writing."[2]  "It would undermine the ability of any court to adequately review that decision and address whether that decision was supported by substantial evidence, if the body that made the decision was not itself compelled to render its reasoning in writing."[3] Because the "State or local government or instrumentality" that made the decision has not rendered it in writing, this Court finds that the requirements of § 332(c)(7)(B)(iii) have not been met.

Instead of summarily granting judgment in favor of Plaintiffs on this issue, however, the Court finds resolution of the case on its merits will further the interest of justice.  Therefore, the Court will order Defendant to submit a separate written decision setting forth the reasons for denying Plaintiff's application.[4]

Accordingly, it is hereby ordered that Defendant (the governing board of Douglas County, Kansas) shall have **twenty days**, or until **February 21, 2008**, to provide (1) a written decision separate from the written record (2) describing the reasons for denying Plaintiff's application with (3) sufficient explanation to allow a reviewing court to evaluate whether there is evidence in the

---

[2]*Virginia Metronet, Inc. v. The Board of Supervisors of James City County, Virginia*, 984 F. Supp. 966, 972 (E.D. Va. 1998) (citing 47 U.S.C. § 332(c)(7)(B)(iii)).

[3]*Id.*

[4]*See U.S. Cellular Corp. V. Board of Adjustment of City of Seminole, Oklahoma*, 180 Fed. Appx. 791, 796, 2006 WL 1288596, *4 (10th Cir. May 11, 2006) (where Tenth Circuit referenced the following minute order entered by district court:

> The Court finds that the Board violated the Telecommunications Act of 1996, by failing to set forth written findings of fact, based on substantial evidence contained in a written record, supporting its decision.
>
> The Board shall have twenty (20) days, or until August 22, 2002, to provide such a written decision . . . after which the Court will perform an expedited review, as contemplated by the Act, of the merits.

record to support the stated reasons. Upon receiving the written decision, the Court will perform an expedited review, as contemplated by the Act, of the merits.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 1st day of February, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties