IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERIZON WIRELESS (VAW), LLC, )<br>d/b/a VERIZON WIRELESS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOUGLAS COUNTY, KANSAS BOARD )<br>OF COUNTY COMMISSIONERS, )<br>)<br>Defendant. ) | Case No.: 07-2255-DJW |

## JUDGMENT AND ORDER

Plaintiff filed a Complaint for declaratory, injunctive, and mandamus relief pursuant to the Federal Telecommunications Act of 1996, codified at 47 U.S.C. § 332(c)(7) (the "FTA"), and pursuant to 28 U.S.C. § 2201, alleging that Defendant's denial of Plaintiff's application for a Conditional Use Permit under the Zoning and Subdivision Regulations of the Douglas County, Kansas Zoning Regulations for the Unincorporated Territory, to construct a wireless communications facility violates the FTA. The parties filed cross-motions for summary judgment (Docs. 12, 16) and supporting memoranda (Docs. 13, 15, 21, 22).

On February 28, 2008, this Court entered its Memorandum and Order (Doc. 27), which is incorporated by reference herein, granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

For the reasons stated in the Court's February 28, 2008, Memorandum and Order (Doc. 27), the Court finds, declares, and orders as follows:

1. In Count I of Plaintiff's Complaint, Plaintiff seeks injunctive and mandamus relief pursuant to the FTA. This Court has the authority to hear and decide Plaintiff's claims under the FTA pursuant to 47 U.S.C.A. § 332(c)(7)(B)(v).

2. Application of the legal standards to the facts in this case demonstrates that

Plaintiff's application for Conditional Use Permit 03-05-07 to construct a 150-foot tall monopole tower, antenna, single standard-mount platform, and related ground based telecommunication equipment on certain real property located at 261 E. 1250th Road, in Douglas County, Kansas was not supported by substantial evidence, in violation of the FTA, 47 U.S.C. § 332(c)(7)(B)(III).

   4. Plaintiff's request for relief is hereby granted, and defendant is directed and ordered to approve Plaintiff's application for Conditional Use Permit 03-05-07 and cause the issuance of the Permit, subject to the conditions recommended by Defendant's planning staff and approved by a majority of Defendant's Commissioners, which are as follows:

    (a) Provision of a revised site plan to show the following:

     (i) Proposed landscape around the enclosure of the tower base per staff approval;

     (ii) Dimensions of the tower from the south property line;

    (b) Provision of a revised site plan to include the following notes per Section 19-4 (31) (c) (4&5)

     (i) "Any tower that is not in use for a period of three continuous years, or more, shall be removed by the owner at the owner's expense. Failure to remove the tower pursuant to non-use may result in removal and assessment of cost to the owner of the tower."

     (ii) "A sign shall be posted on the exterior of the fence around the base of the tower noting the name and telephone number of the tower owner and operator."

      (iii) "The tower owner/operator shall submit a letter to the Planning Office by July 1st of each year listing the current users and types of antenna located on the approved tower (Reference CUP-03-05-07 in the letter)."

  (c) Provision of a revised site plan to include a landscape plan complaint with Section 19A-4 (10) that notes the size and type of landscape per staff approval, and that ground-mounted equipment be screened with solid fencing on all four sides.

  (d) Approval of a Floodplain Development Permit by the County Building and Zoning Department as applicable.

  (e) Any other applicable zoning regulations and building codes.

5. The parties shall bear their own costs of action, including attorney's fees.

IT IS SO ORDERED.

Dated this 21st day of April, 2008.

            s/<u>David J. Waxse</u>

            David J. Waxse
            U.S. Magistrate Judge